630 A.2d 721

### ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

### Charles F. EASON, Jr.

### Misc. (Subtitle BV) No. 25, Sept. Term, 1993.

Court of Appeals of Maryland.

Sept. 14, 1993.

## ORDER

The Court having considered the joint petition by the Attorney Grievance Commission of Maryland and Respondent to suspend the Respondent from the practice of law, it is this 14th day of September, 1993,

ORDERED, by the Court of Appeals of Maryland, that the petition be, and it is hereby GRANTED and the Respondent, Charles F. Eason, Jr., is suspended from the practice of law for a period of three (3) years from the date of this order, and it is further

ORDERED, that Respondent will immediately execute a confessed judgment note in the sum of One Hundred Thousand Dollars ($100,000.00), without interest, made payable in three (3) years, to Donald Sartorius or the Estate of Lynwood Sartorius, as appropriate, and the note will contain a clause accelerating the due date if Mr. Eason either has a judgment against him which he fails to satisfy within 30 days or any action in the nature of insolvency or bankruptcy is instituted against him either voluntary or involuntary, and it is further

ORDERED, that it shall be a condition of reinstatement that Respondent pay the confessed judgment note, but in the event of a discharge in bankruptcy of the confessed judgment note in the amount of $100,000.00, Respondent will be required as a condition to being reinstated to pay the $100,000.00 before the filing of his petition for reinstatement, and it is further

ORDERED, that prior to any reinstatement, Charles F. Eason, Jr. shall pay to the Attorney Grievance Commission of Maryland the sum of One Thousand Six Hundred Twenty Dollars and Fifty Cents ($1,620.50) with interest at 10% from the date of this order and judgment is hereby entered in favor of the Attorney Grievance Commission of Maryland against Mr. Eason for the aforesaid sum and interest, and it is further

ORDERED, that the Clerk of this Court shall certify the suspension of the Respondent to the Clerks of all Courts in this State and to the Trustees of the Clients' Security Trust Fund.

Judge CHASANOW would not approve the joint petition for consent to suspension without a hearing or stipulation of facts which would justify the sanctions imposed by the consent order.